UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 4, 2017

KIRSCHENBAUM, et al.,

                   Plaintiffs,

           v.

650 FIFTH AVENUE AND RELATED
PROPERTIES,

                 Defendants.

--------------------------------------------------------------------X

09-cv-00165 (KBF)
09-cv-00166 (KBF)
09-cv-553 (KBF)
09-cv-564 (KBF)
09-cv-04614 (KBF)
09-cv-04784 (KBF)
10-cv-1627 (KBF)
10-cv-2464 (KBF)
11-cv-3761 (KBF)
12-mc-19 (KBF)
12-mc-20 (KBF)
12-mc-21 (KBF)
12-mc-22 (KBF)
13-mc-71 (KBF)
13-cv-1825 (KBF)
13-cv-1848 (KBF)

JUDGMENT

## JUDGMENT

WHEREAS, the Judgment Creditors in the consolidated turnover actions captioned above (the "Judgment Creditors") each obtained default judgments against, *inter alia*, the Islamic Republic of Iran ("Iran").

WHEREAS, the Acosta Judgment Creditors commenced *Acosta, et al. v. Islamic Republic of Iran, et al.*, No. 06-cv-00745 (D.D.C.), on April 24, 2006, and obtained a default judgment against, *inter alia*, Iran pursuant to 28 U.S.C. § 1605A.

WHEREAS, on March 18, 2010, the Acosta Judgment Creditors commenced *Acosta, et al. v. Assa, et al.*, No. 10-CV-2464 (S.D.N.Y.).

WHEREAS, the Beer Judgment Creditors commenced *Beer, et al. v. Islamic Republic of Iran, et al.*, 06-cv-00473 (D.D.C.), and *Beer, et al. v. Islamic Republic of Iran, et al.*, 08-cv-01807 (D.D.C.), on March 14, 2006 and October 17, 2008, respectively, and obtained default judgments against, *inter alia*, Iran pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605A.

WHEREAS, on March 20, 2013, the Beer Judgment Creditors commenced *Beer, et al. v. Assa, et al.*, No. 13-CV-1848 (S.D.N.Y.).

WHEREAS, the Greenbaum Judgment Creditors commenced *Greenbaum, et al. v. Islamic Republic of Iran, et al.*, 02-cv-02148 (D.D.C.), on October 23, 2002, and obtained a default judgment against, *inter alia*, Iran pursuant to 28 U.S.C. § 1605(a)(7).

WHEREAS, on December 24, 2008, the Greenbaum Judgment Creditors commenced *Greenbaum, et al. v. Assa Corp., et al.*, No. 117226/08, in Supreme Court, New York County by filing a Notice of Petition.

WHEREAS, on January 20, 2009, *Greenbaum, et al. v. Assa Corp., et al.*, No. 09-CV-553 (S.D.N.Y.), was initiated by the filing of a Notice of Removal.

WHEREAS, on January 21, 2009, *Greenbaum, et al. v. Assa Corp. et al.*, No. 09-CV-564 (S.D.N.Y.), was initiated by the filing of a Notice of Removal.

WHEREAS, on June 22, 2017, *Greenbaum, et al. v. Assa Corp., et al.*, No. 09-CV-553 (S.D.N.Y.), and *Greenbaum, et al. v. Assa Corp. et al.*, No. 09-CV-564 (S.D.N.Y.), were consolidated.

WHEREAS, the Havlish Judgment Creditors commenced *Havlish, et al. v. Islamic Republic of Iran, et al.*, 02-cv-00305 (D.D.C.), on February 19, 2002, and obtained a default judgment against, *inter alia*, Iran pursuant to 28 U.S.C. § 1605A.

WHEREAS, on May 23, 2013, the Havlish Judgment Creditors filed an Intervenor Complaint in *In re 650 Fifth Avenue and Related Properties*, No. 08-CV-10934 (S.D.N.Y.).

WHEREAS, the *Havlish* action was subsequently added to *Kirschenbaum, et al. v. Assa, et al.*, No. 13-CV-1825, per Court Orders of July 30 and September 22, 2014.

WHEREAS, the Hegna Judgment Creditors commenced *Hegna, et al. v. Islamic Republic of Iran, et al.*, 00-cv-00716 (D.D.C.), on April 3, 2000, and obtained default judgments against, *inter alia*, Iran pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605A.

WHEREAS, on March 27, 2009, the Hegna Judgment Creditors commenced *Hegna, et al. v. Islamic Republic of Iran*, No 18-MS-0302 (Judgment No. 02-2472), by Order to Show Cause, which was later assigned civil action number 11-cv-3761.

WHEREAS, the Heiser Judgment Creditors commenced *Heiser, et al. v. Islamic Republic of Iran, et al.*, 00-cv-2329 (D.D.C.), and *Campbell, et al. v. Islamic Republic of Iran, et al.*, 01-cv-2104 (D.D.C.), on September 29, 2000 and October 9, 2001, respectively, and obtained default judgments against, *inter alia*, Iran pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605A.

WHEREAS, on February 27, 2013, the Heiser Judgment Creditors commenced *Heiser, et al. v. 650 Fifth Avenue Co., et al.*, No. 13-MC-71 (S.D.N.Y.), by filing a Petition for Turnover.

WHEREAS, the Kirschenbaum Judgment Creditors commenced *Kirschenbaum, et al. v. Islamic Republic of Iran, et al.*, 03-cv-01708 (D.D.C.), and *Kirschenbaum, et al. v. Islamic Republic of Iran, et al.*, 08-cv-01814 (D.D.C.), on August 11, 2003 and October 17, 2008, respectively, and obtained default judgments against, *inter alia*, Iran pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605A.

WHEREAS, on March 19, 2013, the Kirschenbaum Judgment Creditors commenced *Kirschenbaum, et al. v. Assa, et al.*, No. 13-CV-1825 (S.D.N.Y.).

WHEREAS, the Peterson Judgment Creditors commenced *Peterson, et al. v. Islamic Republic of Iran, et al.*, 01CV02094 (D.D.C.), on October 3, 2001, and obtained a default judgment against, *inter alia*, Iran pursuant to 28 U.S.C. § 1605(a)(7).

WHEREAS, on March 1, 2010, the Peterson Judgment Creditors commenced *Peterson, et al. v. 650 Fifth Avenue Co., et al.*, No. 10-CV-1627 (S.D.N.Y.).

WHEREAS, the Rubin and Miller Judgment Creditors commenced *Rubin, et al. v. The Islamic Republic of Iran, et al.*, No. 01-1655 (D.D.C.), on July 31, 2001, and obtained a default judgment against, *inter alia*, Iran pursuant to 28 U.S.C. § 1605(a)(7).

WHEREAS, the Rubin and Miller Judgment Creditors' judgment was subsequently converted to a judgment entered pursuant to 28 U.S.C. § 1605A.

WHEREAS, on January 8, 2009, the Rubin Judgment Creditors commenced *Rubin, et al. v. Alavi Foundation, et al.*, No. 09-CV-165 (S.D.N.Y.).

WHEREAS, on January 8, 2009, the Miller Judgment Creditors commenced *Miller, et al. v. Alavi Foundation, et al.*, No. 09-CV-166 (S.D.N.Y.).

WHEREAS, the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors' judgments against, *inter alia*, Iran remain outstanding.

WHEREAS, the outstanding compensatory damage portion of the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors' judgments against, *inter alia*, Iran exceed the estimated value of the Property (as that term is defined below).

WHEREAS, Defendant Alavi Foundation ("Alavi") owns the following property and other assets (hereinafter referred to as the "Alavi Property"):

a) A SIXTY PERCENT (60%) partnership interest in Defendant 650 Fifth Avenue Company (the "Fifth Avenue Company");

b) The real property and appurtenances located at 2313 South Voss Road, Houston, TX 77057, with all improvements and attachments thereon;

c) The real property and appurtenances located at 55-11 Queens Boulevard, Queens, NY 11377, with all improvements and attachments thereon;

d) The real property and appurtenances located at 4836 Marconi Avenue, Carmichael, CA 95608, with all improvements and attachments thereon;

e) The real property and appurtenances located at 4204 Aldie Road, Catharpin, VA 20143, with all improvements and attachments thereon;

f) The real property and appurtenances located at 4300 Aldie Road, Catharpin, VA 20143, with all improvements and attachments thereon;

g) The real property and appurtenances located at 7917 Montrose Road, Rockville, MD 20854, with all improvements and attachments thereon;

h) The real property and appurtenances located at 8100 Jeb Stuart Road, Rockville, MD 20854, with all improvements and attachments thereon;

i) All funds on deposit at Sterling National Bank account number 3802032216;

j) All funds on deposit at Sterling National Bank account number 3802032201;

k) All funds on deposit at Sterling National Bank account number 3852524414.

WHEREAS, the Fifth Avenue Company owns the real property and appurtenances located at 650 Fifth Avenue, New York, NY 10019, with all improvements and attachments thereon (hereinafter referred to as the "Fifth Avenue Company Property").

WHEREAS, the Alavi Property and the Fifth Avenue Company Property are hereinafter referred to collectively as the "Property".

WHEREAS, defendant Assa Corporation owns the following property and other assets (hereinafter referred to as the "Assa Property"):

a) A FORTY PERCENT (40%) partnership interest in the Fifth Avenue Company;

b) All funds formerly on deposit at Citibank, N.A., New York, New York account number 78429712;

c) All funds formerly on deposit at Citibank, N.A., New York, New York account number 8881654552;

d) All funds formerly on deposit at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana account number 2724409590;

e) All funds formerly on deposit at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana account number 725700280.

WHEREAS, on June 29, 2017, the Court issued an Opinion and Order (ECF 1895, 08-cv-10934) in which it held, *inter alia*, that the Property was subject to execution in partial satisfaction of the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors' judgments against, *inter alia*, Iran pursuant to section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (2002) (codified as a note to 28 U.S.C. § 1610).

WHEREAS, on June 29, 2017, the Court issued an Opinion and Order (ECF 1895, 08-cv-10934) in which it held, *inter alia*, that the Fifth Avenue Company Property was subject to execution in partial satisfaction of the Acosta, Beer, Havlish, Hegna, Heiser, Kirschenbaum, Rubin, and Miller Judgment Creditors' judgments against, *inter alia*, Iran pursuant to section 1610(b)(3) of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Pub. L. No. 94-583, 90 Stat. 2891 (codified as amended at 28 U.S.C. §§ 1602 *et seq.*).

WHEREAS, on April 18, 2014, the Court issued an Opinion and Order (ECF 1125, 08-cv-10934) in which it held, *inter alia*, that the Assa Property was subject to execution in partial satisfaction of the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors' judgments against, *inter alia*, Iran pursuant to section 201(a) of TRIA, and sections 1610(a)(7) and (b)(3) of the FSIA.

WHEREAS, on June 6, 2013, the Court issued an Opinion and Order (ECF 512, 08-cv-10934) in which it held, *inter alia*, that the Assa Property was subject to execution in partial

satisfaction of the Acosta, Beer, Greenbaum, Kirschenbaum, and Rubin Judgment Creditors' judgments against, *inter alia*, Iran pursuant to section 201(a) of TRIA.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1.      Pursuant to section 1610(c) of the FSIA, the Court finds that a reasonable period of time has elapsed following the entry of final judgments against, *inter alia*, Iran, and service of the final judgments upon Iran in accordance with section 1608 of the FSIA, in the underlying actions brought by the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors.  Accordingly, the Property shall be subject to attachment and execution in accordance with section 201(a) of TRIA and section 1610(b)(3) of the FSIA.  Further, the Assa Property shall be subject to attachment and execution in accordance with section 201(a) of TRIA, and sections 1610(a)(7) and (b)(3) of the FSIA.

2.      All right, title, and interest of Alavi in the Alavi Property shall be, and the same hereby are, extinguished.

3.      All right, title, and interest of the Fifth Avenue Company in the Fifth Avenue Company Property shall be, and the same hereby are, extinguished.

4.      All right, title, and interest of Assa Corporation and Assa Company Limited in the Assa Property shall be, and the same hereby are, extinguished.

5.      Pursuant to the New York Civil Practice Law and Rules ("CPLR") and section 201(a) of TRIA, the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors are hereby awarded all right, title, and interest in the Property.

6.     Pursuant to the CPLR and section 1610(b)(3) of the FSIA, the Acosta, Beer, Havlish, Hegna, Heiser, Kirschenbaum, Rubin, and Miller Judgment Creditors are hereby awarded all right, title, and interest in the Fifth Avenue Company Property.

7.     Pursuant to the CPLR, section 201(a) of TRIA, and sections 1610(a)(7) and (b)(3) of the FSIA, the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors are hereby awarded all right, title, and interest in the Assa Property.

8.     The Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors are hereby authorized to take any and all steps necessary to execute on the following property:

a) The real property and appurtenances located at 650 Fifth Avenue, New York, NY 10019, with all improvements and attachments thereon;

b) The real property and appurtenances located at 2313 South Voss Road, Houston, TX 77057, with all improvements and attachments thereon;

c) The real property and appurtenances located at 55-11 Queens Boulevard, Queens, NY 11377, with all improvements and attachments thereon;

d) The real property and appurtenances located at 4836 Marconi Avenue, Carmichael, CA 95608, with all improvements and attachments thereon;

e) The real property and appurtenances located at 4204 Aldie Road, Catharpin, VA 20143, with all improvements and attachments thereon;

f) The real property and appurtenances located at 4300 Aldie Road, Catharpin, VA 20143, with all improvements and attachments thereon;

g) The real property and appurtenances located at 7917 Montrose Road, Rockville, MD 20854, with all improvements and attachments thereon;

h) The real property and appurtenances located at 8100 Jeb Stuart Road, Rockville, MD 20854, with all improvements and attachments thereon.

9.    The following property shall be delivered, transferred, or paid to the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors:

a)   All right, title, and interest in the Fifth Avenue Company;

b)   All funds on deposit at Sterling National Bank account number 3802032216;

c)   All funds on deposit at Sterling National Bank account number 3802032201;

d)   All funds on deposit at Sterling National Bank account number 3852524414;

e)   All funds formerly on deposit at Citibank, N.A., New York, New York account number 78429712;

f)   All funds formerly on deposit at Citibank, N.A., New York, New York account number 8881654552;

g)   All funds formerly on deposit at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana account number 2724409590;

h)   All funds formerly on deposit at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana account number 725700280.

10.    The Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors are hereby ordered to share in the proceeds of any execution or sale that occurs pursuant to this Judgment on a pro rata basis pursuant to the terms of the Settlement Agreement So Ordered by the Court on April 16, 2014 and filed on April 17, 2014 (ECF 1122, 08-cv-10934), as amended by the First Codicil to the Stipulation and Order of Settlement Between the United States and Certain Third-Party Claimants (collectively, the "Settlement Agreement").

11.    The Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors are hereby ordered to share in any property delivered, transferred, or paid to the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum,

Peterson, Rubin, and Miller Judgment Creditors pursuant to this Judgment on a pro rata basis

pursuant to the terms of the Settlement Agreement.

12.    Nothing in this Judgment shall alter, amend, or supersede any provision of the

Settlement Agreement.

SO ORDERED.

Dated:    New York, New York
          October 4, 2017

_____
KATHERINE B. FORREST
United States District Judge